[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-2022

UNITED STATES,

Appellee,

v.

LEWIS E. MARLEY,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.

---

James T. McCormick on brief for appellant.
Margaret E. Curran, United States Attorney, Donald C. Lockhart and Gerard B. Sullivan, Assistant United States Attorneys, on brief for appellee.

---

May 10, 2000

---

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm the judgment below.  By appellant's own admissions, he used a firearm "in connection with" his efforts to collect a debt owed to crack dealers he had allowed to use his apartment.  These admissions provided ample evidence to establish by a preponderance of the evidence that a drug distribution conspiracy existed, that Marley had aided and abetted that conspiracy by attempting to collect money owed for drugs, and that he sought by use of the shotgun to ensure his collection efforts would not be thwarted.  See United States v. Montilla-Rivera, 115 F.3d 1060, 1064 (1st Cir. 1997) (defendant "aids and abets" a crime if it is shown that a crime has been committed, that the defendant associated himself with and participated in the crime as something he wished to bring about, and sought by his action to make it succeed).  Thus, we see no error in the sentencing court's application of U.S.S.G. § 2K2.1(d)(5) for appellant's use of a firearm "in connection with another felony offense."

Affirmed.  1st Cir. Loc. R. 27(c).